UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    KIMBERLY K. BLAIR,                        Case No. 09-35591-dof
            Debtor.                                Chapter 13 Proceeding
                                                      Hon. Daniel S. Opperman

_____/

OPINION REGARDING APPLICATION
FOR COMPENSATION OF COUNSEL FOR DEBTOR

Debtor's counsel, Marrs & Terry, PLLC, seeks compensation of $1,470.00 for attorney fees and $33.68 for expenses. The Chapter 13 Trustee, Carl Bekofske, objects, noting that this Ninth Fee Application, if granted, would award a total of $12,411.97 to Debtor's counsel.

The Trustee objects to all of the entries in counsel's Fee Application with the exception of 03/17/14, 03/31/14, 04/09/14; 04/15/14, and 04/25/14 and therefore requests that the fees be reduced to $150.00 and expenses reduced to $0. First, the Trustee argues that a majority of the services are regarding the Debtor's attempt to modify her Chapter 13 Plan to retain a $10,200.00 tax refund and increase the Debtor's monthly plan payments from $250.00 to $530.00. The Trustee objected to the proposed modification and the Debtor and Trustee resolved that objection by way of an Order that directed the Debtor to turnover the 2012 income tax refund of $10,200.00 and increased the monthly plan payment to $1,566.00. Next, as for services rendered commencing in March 2014, the Trustee likewise objects to the time entries regarding the Debtor's proposed plan modification to excuse the 2013 income tax refund of $10,785.00 and decrease the monthly payment from $1,566.00 to $404.62 because of a drop in the Debtor's income. Again, the Trustee objected to the plan modification and again the Debtor and the Trustee resolved the Objection by way of an Order dated April 15, 2014,

1

that directed the Debtor to turnover the $10,785.00 and maintained the plan payments at $1,566.00 per month. Per the Trustee, the Debtor did not have proof that her income decreased.

In response, Debtor's counsel argues Debtor's income increased dramatically because she was paid on a commission basis and had a few very good years while in Chapter 13. Debtor's counsel stated that the proposed modification of the Plan was to avoid the Trustee filing a more draconian plan. Further, the Debtor settled with the Trustee because the Debtor wanted to, and apparently did, avoid having to pay additional money to the Trustee out of substantial accumulated savings amassed during her Chapter 13 proceeding.

In reply, the Trustee pointed out that Debtor's counsel argued that the Chapter 13 Plan payment should have been reduced because the Debtor could not afford monthly payments out of her income, but had sufficient savings to make these payments.

The Court notes the following after reviewing the docket and papers filed in this proceeding:

A.  The Debtor filed a Chapter 13 petition on October 20, 2009, and the Court confirmed her Chapter 13 Plan on January 13, 2010. In the Order Confirming Plan, Debtor's counsel was awarded $3,500.00 and the Debtor was to remit all of her tax refunds to the Trustee. The Debtor calculated a 5% return to unsecured creditors.

B.  Less than two months later, on March 1, 2010, the Debtor filed a plan modification to allow her to retain her net tax refund of $8,924.00 so that she could repair her roof, replace certain household appliances, and have funds to replace her 2002 Ford Taurus, which had 190,000 miles. This modification was approved without objection on March 29, 2010. Per the Debtor's calculation, unsecured creditors would receive 6.189%.

2

09-35591-dof    Doc 121    Filed 10/08/14    Entered 10/08/14 15:34:49    Page 2 of 7

C. On June 1, 2010, Debtor's counsel applied for compensation of $749.00, which the Court approved on June 28, 2010.

D. On February 26, 2011, the Debtor filed a second plan modification to allow her to retain her 2010 federal tax refund of $7,850.00 so that she could purchase or repair household items, repair her car, and assist her son with his final year of college. Per the Debtor's calculations, unsecured creditors would receive 5.8%. The Trustee objected and the parties resolved their differences by allowing the Debtor to retain $2,000.00, but remit the difference to the Trustee.

E. From March 7, 2011, through December 4, 2012, Debtor's counsel filed four Fee Applications totaling $2,775.00. All requested fees were awarded without objection.

F. On March 11, 2013, the Debtor filed a third plan modification to allow her to retain her federal tax refund of $10,200.00 so she could to purchase a car to replace her then current car that had 106,000 miles and was in need of repair. The Debtor explained that she received a quicker payment in 2012, which had the effect of inflating her 2012 income. She also increased her monthly payment to $530.00 per month, resulting in an estimated 16.92% dividend to unsecured creditors, higher than the then current estimate of 14.97%. As argued by the Trustee and detailed by the Court, the Court entered an Order on July 15, 2013, requiring the Debtor to turnover the 2012 federal tax refund of $10,200.00 and increasing the payment to $1,566.00 per month.

G. From March 21, 2013, through August 21, 2013, Debtor's counsel filed two Fee Applications requesting $3,071.00 in total fees. The Court approved these fees without objection.

H. On March 15, 2014, the Debtor filed a fourth plan modification seeking to retain her 2013 federal tax refund of $10,785.00. As stated in this modification:

4. The Debtor's income has decreased as it is commission only. Debtor must

3

09-35591-dof    Doc 121    Filed 10/08/14    Entered 10/08/14 15:34:49    Page 3 of 7

use her 2013 federal tax refund to supplement her income. Amended I and J have been filed with the Court and proof of current income has been forwarded to the trustee.

5. The Debtor proposes to modify the confirmed plan to retain the 2013 federal tax refund, decrease the plan payments to $404.62 per month, and decrease the dividend to unsecured creditors to 24.44%.

I. As proposed by the Debtor, the estimated unsecured dividend would be reduced from 30.54% to 24.44%. As argued by the Trustee and detailed in this Opinion, the parties agreed to not modify the Debtor's Plan.

J. Since August 22, 2013, Debtor's counsel has filed two Fee Applications and, after negotiations with the Trustee, was awarded fees of $725.00, a reduction from the $850.00 requested amount. The last application is the instant Application

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## APPLICABLE LAW

11 U.S.C. § 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–

4

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

(i) unnecessary duplication of services; or
(ii) services that were not–
  (I) reasonably likely to benefit the debtor's estate; or
  (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate."

*Id.*

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

ANALYSIS

The Trustee did not object to the Applicant's hourly rate, so the first *Boddy* variable is not in issue. What remains is an analysis of each time entry and whether the requested fees are adequate.

The Trustee has not objected to certain entries such that $150.00 is not in dispute. What is in dispute, however, is whether the remainder of the services were reasonable and a benefit to the estate.

Here, the Court does not see the benefit of these services to the estate. The Court starts with the fourth plan modification, where the Debtor stated that she needed to use her 2013 federal tax refund to supplement her income and that she needed to decrease her monthly payment from $1,566.00 to $404.62 per month. What was not disclosed, or perhaps even known by Debtor's counsel, was that the Debtor's bank statements reported savings of $52,000.00. Either Debtor's counsel knew this fund existed and ignored it, or counsel did not know of its existence at all, but upon reasonable investigation should have known. Regardless, the preparation, filing, and prosecution of the fourth plan modification was ill advised. Counsel's arguments that the modification was a preemptive act to avoid a more onerous modification falls on deaf ears. Debtor, and her counsel, should have been more forthright in reporting Debtor's financial condition. Candor requires that the Debtor disclose her assets, as she ultimately did after being forced to do so by the Trustee. Candor also requires that the Debtor not mislead her creditors, the Trustee, or this Court. Here, unnecessary action was required by the Trustee to avoid an unwarranted result.

For the Debtor and her counsel to argue that their mistaken, erroneous device of filing an

untruthful plan, which resulted in a continuation of the status quo through negotiation is simply too much to ignore. No good comes, or in this case, came, from this method, and the Court will not condone or award any such antics.

Taking a broader view of this case under *Boddy,* the Court finds that none of the contested hours spent by Debtor's counsel were reasonable. Because the lodestar analysis under *Boddy* presumes "*reasonable* hours worked" as part of the calculation and there were zero such hours here, part of the total award of fees to date, along with the partial award of $150.00 in this Ninth Fee Application, is a reasonable total amount, both in hours and hourly rate, to handle a proceeding such as this. *See also Goldstein, Bershad and Fried, P.C. v. Berry (In re Berry)*, 2014 WL 4471438, at *2 (E.D. Mich. Sept. 4, 2014).

Counsel for the Debtor is directed to prepare an Order awarding $150.00 consistent with this Opinion and the presentment rules of this Court.

Not for Publication

**Signed on October 08, 2014**

                                              **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**